IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-46-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JORDAN RAY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for nunc pro tunc designation (DE 579). The issues raised are ripe for ruling.

**COURT'S DISCUSSION**

On October 8, 2019, the court sentenced defendant to 270 months' imprisonment following his convictions for drug and firearm offenses. The court ordered the sentence to run concurrently with a state sentence defendant was then serving in New Jersey. In the instant motion, defendant requests that the court grant him "nunc pro tunc designation," a procedure in which the Federal Bureau of Prisons designates a state correctional facility as the facility for service of the federal sentence. See Mangum v. Hallembaek, 824 F.3d 98, 100–01 (4th Cir. 2016) (describing procedure). Defendant argues that such a designation would require the Federal Bureau of Prisons ("FBOP") to award him 1,482 days of pretrial custody credit pursuant to 18 U.S.C. § 3585(b).

The FBOP is responsible for determining the amount of any pretrial custody or good conduct time credits. See United States v. Wilson, 503 U.S. 329, 333 (1992). Defendant therefore must challenge his sentencing credit calculation in the first instance through the FBOP's administrative remedy program ("ARP"). See 28 C.F.R. § 542.10(a) ("The purpose of the [ARP]

is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). In the event defendant cannot obtain relief through the ARP, and after fully exhausting administrative appeals, he may challenge the FBOP's sentencing credit calculation by filing petition for writ of habeas corpus under 28 U.S.C. § 2241. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition."); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) (discussing requirement that petitioner exhaust alternative remedies prior to seeking habeas relief). Such petitions must be filed in the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

The court also observes that defendant is conflating two distinct issues: 1) his place of imprisonment designation; and 2) the amount of prior custody credit to which he is entitled. The FBOP cannot designate a place of imprisonment before the federal court imposes sentence. See 18 U.S.C. §§ 3621(b), 3585(a). The FBOP also complied with this court's order for concurrent sentences by commencing the federal sentence on the date it was imposed, thereby implicitly designating the state facility as the place of imprisonment. (See Sent'g Computation (DE 579-1) at 2). There is no basis for "nunc pro tunc" designation on these facts, where defendant's federal sentencing occurred after the state court imposed sentence, and this court explicitly ran the sentences concurrently. See Mangum, 824 F.3d at 100–01 (explaining nunc pro tunc designation may be available if the federal court sentences the defendant prior to the state court imposing sentence, and does not specify whether the federal sentence should run concurrent or consecutive to the state sentence).

The amount of pretrial detention credit, also known as "prior custody credit," is unrelated to the place of imprisonment designation. See 18 U.S.C. § 3585. Generally, the FBOP cannot award prior custody credit for time credited to the state sentence. See id. § 3585(b).

2

Nonetheless, the FBOP documentation submitted with the instant motion indicates defendant received some prior custody credit pursuant to exceptions to this rule set out in <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir.1971) (per curiam), and/or <u>Kayfez v. Gasele</u>, 993 F.2d 1288 (7th Cir. 1993). (<u>See</u> Sent'g Computation (DE 579-1) at 3). To the extent defendant's argument is that the FBOP should have awarded additional prior custody credit, he must follow the procedures outlined above for challenging the determination through the FBOP's administrative channels, and, if necessary, by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus in the district of confinement.

## CONCLUSION

Based on the forgoing, defendant's motion for nunc pro tunc designation (DE 579) is DISMISSED without prejudice.

SO ORDERED, this the 8th day of August, 2024.

Louise V. Flanagan

LOUISE W. FLANAGAN
United States District Judge